**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| R. Susan Woods | Alina's Real Estate, LLC and their representatives Amaya and Branche |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| pro se | Patrick Melnik, Jr. |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The automatic thirty day stay against seizure of assets, namely my home along with personal and business property inside the buildings and on the grounds thereof, was violated in an unlawful eviction ouster.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☒ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☒ 71-Injunctive relief – imposition of stay
- ☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   358,322. plus triple damages |

Other Relief Sought

Money damages for removal of tools and equipment for construction related and/or farming operations, and for household belongings which may have been damaged and/or destroyed.

operations and for household belongings which may have been damaged or destroyed.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>R. Susan Woods | BANKRUPTCY CASE NO.<br>18-30549 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Springfield | NAME OF JUDGE<br>Elizabeth D. Katz |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

Case No. 18-30549 - EDK
Chapter 7

In re:

R. Susan Woods
      Debtor

## Emergency Motion to Enforce the Stay of Execution for Possession Of Petitioner's Homestead

1. Petitioner Woods begs the court to enforce the stay against execution in the matter of possession via eviction form her home located at 43 West Street in Hadley, which was carried out on Wednesday, July 11, 2018, despite Woods' Chapter 7 bankruptcy filing which occurred on July 10, 2018.

2. The action of eviction due to foreclosure is a taking of one's property. As such, it is a collection of a debt. The filing of the bankruptcy imposed a stay against execution for possession, aka eviction, a debt collection.

3. The Hampshire County Sheriff's Office, under the direction of Captain Joseph Lafond, carried out the eviction despite the bankruptcy filing, under the direction of Judge Rob Fields of the Western Housing Court. Captain Lafond was appraised of Woods' intentions a full five days before the action. Judge Fields was appraised of Woods' intentions to file a Chapter 7 bankruptcy the day before the action during a hearing. Woods sought an emergency stay in the housing court on July 9, which was heard on July 10, to no avail.

4. Ms. Woods was expecting a thirty day stay against eviction due to her bankruptcy filing, and was entirely unprepared to be ousted from her home. The ouster was carried out, and Woods was prevented personally from recovering her flock of chickens, although she was able to rally a few friends for the task. Numerous tools and equipment for Woods' construction related business as well as her farming related business were left behind, and according to the sheriff, will be treated as abandoned property, which they most certainly are not.

Wherefore, petitioner Woods begs this honorable court to enforce the stay against any and all further collections actions by Branche and Amaya of Alina's Restaurant, third party buyers. A cease and desist order is requested. Woods requests damages for the ouster, reinstatement of her occupancy of her home, and restoration of her belongings to her possession in the condition and location they were in prior to her ouster, including restoration of her door locks, and re keying of same by a qualified lock smith.

## HISTORY

The Woods property located at 43 West Street in Hadley was wrongfully foreclosed by Wells Fargo Bank, National Association, on May 18, 2017.

The third party buyers initiated a summary process action in the Housing Court, Western Division, to evict petitioner Woods from her home, in September 2017. Ms. Woods has plead that the foreclosure process was improper, and the many and various irregularities with the subject loan were grounds for counter claims against the Wells Fargo banking entity (Wells Fargo Bank, N. A. Is not a bank, but is a corporation.)

The Housing Court judge, Rob Fields, has sided with the plaintiff and against defendant Woods in nearly every instance, including his decision for possession for the plaintiff. Woods filed a timely notice of appeal.

In subsequent hearings, the housing court ordered Ms. Woods to pay an onerous appeal bond, given that Ms. Woods is indigent due to serious illness and is thus receiving SSI benefits, and also ordered Woods pay use & occupancy ongoing payments directly to the plaintiff. Woods appealed the appeal bond order and rent assessment to a single justice of the state appeals board, who affirmed the lower court's order.

These matters are being appealed in a class action appeal to the Massachusetts Supreme Judicial Court. Woods has contributed to the brief being prepared for that case, which will be filed forthwith. Each week more defendant appellees are being added to the appeal which has delayed filing thereof.

Ms. Woods asked the state housing court for a thirty day stay of the scheduled eviction, or alternatively a fourteen day stay against eviction, to allow for the SJC appeal to be filed, and due to Woods' illness which has prevented her from undertaking the enormous relocation efforts involved with her farming activities. Woods found a new place to relocate to, although it will not be ready until on or after August 1. The owner of the new location is now and will be hosting guests for the next few weeks and the room she will be renting is occupied until then.

The housing court denied Woods' motions for a stay, and ordered the eviction to be carried out. Woods was in no way prepared to relocate herself, her chickens, and her substantial construction equipment in less than 24 hours. She filed her Chapter 7 bankruptcy in the interests of time, and to also request the federal court review the Woods loans as matters of unfair and deceptive loan practices and as matters of contract law. (Woods has two properties in the same wrongful foreclosure status.)

Petitioner Woods has been diagnosed with several significant health aliments in the past year, including breast cancer, cancer of the cervix, a neurological disorder contingent upon the cancers called paraneoplastic syndrome, brain lesions, epilepsy, and severe arthritis of the sacrum and hips. She is now homeless, and spent last night in a tent in a farm field alongside her chickens. This unlawful eviction, the result of an unlawful foreclosure, is an enormous stress which is compounding Ms. Woods' health issues.

For these reasons petitioner Woods again underscores her request for relief from Alina's Restaurant, LLC, it's managers and employees, and to be made whole from this unlawful eviction.

Respectfully submitted,

R. Susan Woods
*pro se*, until further notice
~~July 10, 2018~~   July 12, 2018
43 West Street

Hadley, MA 01035
tel. 413/883-1414
email: rsusanwoods@gmail.com

## Certificate of Service

I, R. Susan Woods, do hereby certify that I served a copy of this document to all parties to this action, or their counsel, by first class mail.

_____
R. Susan Woods
*pro se*, until further notice

Alina's Restaurant, LLC
By their attorney:
Pat Melnik, Jr.
110 King Street
Northampton, MA 01060

# TRESPASS NOTICE

## Massachusetts General Law Ch. 266, Sec. 120

Date of Issue: _7-11-18_

Trespass issued to : R. Susan Woods     3/25/67

| Print: | Last Name | First Name | Middle Initial | DOB |

Whoever, without right, enters or remains in or upon a building, dwelling house, boat or improved/enclosed land of another, after having been forbidden to do so by the person who has lawful control of said premises, either directly or by notice posted thereon. If found committing such trespass, may be arrested without a warrant by a Police Officer. (G.L. 266/120)

Area of restriction: _43 West St. Apt. Upstairs and downstairs units. Hadley MA 01035_

Having full knowledge of my legal rights, have read and understood the full significance of the above stated law and voluntarily affix my signature below.

_____
Signature of barred person

Person issuing No Trespass order: _Maritza Branche_
                                    Print Name

                                    _Branche_
                                    Signature

Witness: _____ 350
         Signature

# TRESPASS NOTICE

## Massachusetts General Law Ch. 266, Sec. 120

Date of Issue: 07/11/2018

Trespass issued to :

WOODS          SUSAN          L          03/25/67

Print:    Last Name          First Name      Middle Initial        DOB

Whoever, without right, enters or remains in or upon a building, dwelling house, boat or improved/enclosed land of another, after having been forbidden to do so by the person who has lawful control of said premises, either directly or by notice posted thereon. If found committing such trespass, may be arrested without a warrant by a Police Officer. (G.L. 266/120)

Area of restriction: 96 RUSSELL ST, HADLEY MA 01035 (All property)

Having full knowledge of my legal rights, have read and understood the full significance of the above stated law and voluntarily affix my signature below.

_____
Signature of barred person

Person issuing No Trespass order:    *Maritza Branche*
                                      Print Name

                                      *[signature]*
                                      Signature

Witness:    *[signature]*
            Signature